**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MELINDA GALLEGOS,

      Plaintiff-Appellant,

v.

LOS ALAMOS COUNTY FIRE
DEPARTMENT; COUNTY OF LOS
ALAMOS, a New Mexico municipal
entity,

      Defendants-Appellees.

No. 00-2259
(D.C. No. CIV-99-511)
(New Mexico)

---

# ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

---

Melinda Gallegos brought this civil rights action alleging claims of

discrimination under various state and federal statutes in connection with the

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

termination of her employment as a firefighter with the Los Alamos County Fire Department (LACFD). The district court granted summary judgment for the LACFD. Ms. Gallegos raises two issues on appeal, contending the court erred in ruling against her on her claim of disparate impact gender discrimination and on her claim that she was terminated in retaliation for exercising her First Amendment rights. For the reasons set out below, we affirm.

We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. *See Clinger v. New Mexico Highlands Univ. Bd. of Regents*, 215 F.3d 1162, 1165 (10th Cir. 2000). Summary judgment is appropriate only if the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

Ms. Gallegos was a firefighter and a driver/engineer with the LACFD from 1987 to 1998. In 1995, the LACFD instituted a requirement that all firefighters take a physical performance test known as the Criterion Task Test (CTT). Although Ms. Gallegos took and passed the test in 1995, she injured her back while doing so and believed the test was unsafe and invalid. The next year she continued to express her views, refused to take the test and was suspended for two days. Around this time, Ms. Gallegos developed a neurological condition that caused her eye to twitch and limited her vision. As a result she was placed on

medical leave. When the condition did not improve with treatment, she was determined to be unfit for duty and her employment was terminated. Evidence in the record tends to show that the stress and anxiety caused by her problems at work contributed significantly to Ms. Gallegos' neurological condition.

Ms. Gallegos argued below that the CTT had a disparate impact on women and was not job-related. In ruling against her, the district court held she failed to establish a prima facie case. "A disparate impact claim involves employment practices that are 'fair in form, but discriminatory in operation.'" *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1312 (10th Cir. 1999) (quoting *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971)).

> [A] plaintiff may establish a prima facie case of disparate impact discrimination by showing that a "specific identifiable employment practice or policy caused a significant disparate impact on a protected group." This prima facie case, in many respects, is more rigorous than in a disparate treatment case because a plaintiff must not merely show circumstances raising an inference of discriminatory impact but must demonstrate the discriminatory impact at issue.

*Id.* (citation omitted).

Disparate impact claims are typically proven through statistical evidence. *Id.* Although the record reflects that Ms. Gallegos herself believed the test was more difficult for smaller persons to perform, she offered no statistics or indeed any evidence demonstrating that the CTT had a significant disparate impact on women. In fact, the only time she took the test she passed it. Moreover, the

record indicates that at the time discovery in this lawsuit took place, the LACFD had two other women firefighters and was still requiring essentially the same test. The record contains no evidence showing that a disproportionate number of women were unable to become or remain firefighters with the LACFD or any fire department as a result of their performance in this test. Because Ms. Gallegos failed to offer evidence demonstrating the CTT had a disproportionate impact on women, summary judgment was properly granted.

Ms. Gallegos also asserts she was dismissed in retaliation for speaking out against the test. The district court ruled that Ms. Gallegos' speech was not on a matter of public concern and was therefore not constitutionally protected. A First Amendment retaliation claim is evaluated under the four-step test derived from *Pickering v. Board of Educ.*, 391 U.S. 563 (1968), and *Connick v. Myers*, 461 U.S. 138 (1983). *See Clinger*, 215 F.3d at 1165. First the court must determine whether the employee's statements can be "'fairly characterized as constituting speech on a matter of public concern.'" *Gardetto v. Mason*, 100 F.3d 803, 811 (10th Cir. 1996) (quoting *Connick*, 461 U.S. at 146). This is a legal question to be resolved by the court. *Id.* "In deciding whether a particular statement involves a matter of public concern, the fundamental inquiry is whether the plaintiff speaks as an employee or as a citizen." *David v. City & County of Denver*, 101 F.3d 1344,1355 (10th Cir. 1996). Speech relating to internal personnel disputes,

personal grievances and working conditions ordinarily is not viewed as addressing matters of public concern, while speech that pertains to a public entity's discharge of its governmental responsibilities or questions the integrity of government officials is considered to address matters of public interest. *See Clinger*, 215 F.3d at 1166; *David*, 101 F.3d at 1355; *Gardetto*, 100 F.3d at 812. "In making this determination, we must consider the 'content, form, and context of a given statement, as revealed by the whole record.'" *Gardetto*, 100 F.3d at 812 (quoting *Connick*, 461 U.S. at 147-48)).

Our review of the record persuades us that Ms. Gallegos' statements concerning the CTT were made in her role as an employee rather than as a citizen. Her complaints focused on her own problems with the test. While she did state her belief that the test was unfair to her because she was a small person and her belief that the test was invalid because it did not accurately reflect field conditions, these statements viewed in context were allegations of a personal grievance and criticism of internal management decisions rather than a charge that the department was not properly performing its governmental responsibilities. Indeed Ms. Gallegos chose not to present to her superiors the views of other male firefighters who also had safety concerns and who ultimately requested an reassessment of the CTT. In sum, we believe the speech here was motivated by Ms. Gallegos' personal problems with the CTT and the conditions of her own

employment. Because her statements were made as an employee rather than as a concerned citizen, they are not entitled to First Amendment protection. Summary judgment was properly granted on this claim.

The judgment is **AFFIRMED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge